J-A22003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEI LI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JYH MING LIN | : | No. 370 MDA 2021 |

Appeal from the Order Entered March 16, 2021
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2016 CV 6973 CU

BEFORE:  BOWES, J., OLSON, J., and KING, J.

JUDGMENT ORDER BY BOWES, J.:                    **FILED OCTOBER 06, 2021**

Lei Li ("Mother") appeals *pro se* from the March 16, 2021 order granting Jyh Ming Lin ("Father") sole legal and physical custody of their son, C.L., born in June 2003, pursuant to the Child Custody Act (sometimes referred to as "the Act").[1]  We dismiss the appeal as moot.

This case has a long, tortuous history.  Mother first filed a custody complaint on September 9, 2016, and since March 20, 2018, the parties shared legal custody by agreement and Father maintained primary physical custody.  Mother exercised periods of partial physical custody of C.L., who was

_____

[1] As the trial court used the full names of the parties in the caption, C.L. is no longer a child, and neither party requested redaction in this Court pursuant to Pa.R.A.P. 904(b)(2) or Pa.R.A.P. 907, we do not alter the caption.  However, to maintain consistency with all of the references to "C.L." in the certified record, we continue to refer to him by his initials.

estranged from Mother and resisted court-directed interaction with her. Thereafter, Mother filed four fruitless petitions to modify the March 2018 custody order. Her last attempt to modify custody culminated in the final custody order, entered on March 16, 2021, which awarded Father sole legal and physical custody of C.L. In this ensuing appeal, Mother assails the trial court's custody determination.

At the outset, we observe that the issue of child custody is moot because C.L. turned eighteen in June 2021 and no longer falls within the definition of a "child" pursuant to the Act.[2] As we have reiterated regarding the mootness doctrine:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*M.B.S. v. W.E.*, 232 A.3d 922, 927 (Pa.Super. 2020) (quoting *In re J.A.*, 107 A.3d 799, 811-12 (Pa.Super. 2015)).

The Act defines "child" as "[a]n unemancipated individual under [eighteen] years of age." 23 Pa.C.S. § 5322. As we stated in *M.B.S.*, while other Pennsylvania statutes explicitly permit the exercise of jurisdiction past

---

[2] We address mootness *sua sponte*. **See M.B.S. v. W.E.**, 232 A.3d 922, 927 (Pa.Super. 2020).

the age of eighteen in certain circumstances, the Act simply does not extend the definition of child for an individual who is eighteen for any reason. *Id*.at 928 (referencing (1) exception to the Juvenile Act's definition of child pursuant to 42 Pa.C.S. § 6302, which allows an individual to be considered a child if the individual is under twenty-one and in school; and (2) subsection of the Domestic Relations Code that provides for potential continued child support liability for "children who are [eighteen] years of age or older" pursuant to 23 Pa.C.S. §§ 4321 (3)). Thus, in the context of child custody litigation, "[t]he definition of child refers only to the individual's age and emancipation status." **M.B.S.**, *supra* at 929.

Instantly, Mother challenges various aspects of the trial court's award to Father of "**sole legal** and **physical custody**" of C.L. in accordance with the Child Custody Act. Order, 3/16/21, at 1 (emphases in original). As C.L. turned eighteen years old in June 2021, the issue of child custody pursuant to the Act is moot. C.L. is an emancipated adult, and we simply cannot provide any relief to Mother that will have legal force or effect on the trial court's custody decision. **See M.B.S.**, *supra* at 927. Accordingly, we dismiss Mother's appeal as moot.

Appeal dismissed.  Case stricken from argument panel.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2021